## MEMORANDUM ENDORSEMENT

**Alexander Baker, et al. v. Broadcast Music, Inc. a/k/a BMI**, 22 Civ. 1599 (LLS)

BMI moves for an order dismissing plaintiffs' first claim, on behalf of a class, for declaratory judgment that "ASCAP & BMI's Mandatory Arbitration Clause is Void and Unenforceable for Economic Duress." As elaborated in his counsel's May 25, 2022 letter to the Court, this claim is that:

> "The Consent Decree compels BMI to impose a Mandatory
> Arbitration Clause upon each Songwriter who joins. Following
> the terms of the Consent Decree (that BMI itself agreed to long
> ago), BMI's standard Writer "Agreement" requires Songwriters
> to "agree" that:
>
> > All disputes of any kind, nature or description arising
> > in connection with the terms and conditions of this
> > Agreement shall be submitted to the American
> > Arbitration Association in New York, New York,
> > for arbitration under its then prevailing rules."

That is an almost grotesque misdescription of the clause.

The word mandatory nowhere appears in the arbitration clause (VII (C) of the Nov. 18, 1994 amended final judgment), which simply states:

> "Defendant shall include in all contracts which it
> tenders to writers, publisher and music users relating to
> the licencing of performance rights a clause requiring the
> parties to submit to arbitration in the City, County and State of
> New York under the then prevailing rules of the American
> Arbitration Association, all disputes of any kind, nature or
> description in connection with the terms and conditions of
> such contracts or arising out of the performance thereof or
> based upon an alleged breach thereof, except that in all contracts
> tendered by defendant to music users, the clause requiring the
> parties to submit to arbitration will exclude disputes that are
> cognizable by the Court pursuant to Article XIV hereof."

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/26/22

BMI is mandated to include the arbitration clause in all contracts which it offers ("tenders") to writers, publishers and music users, but none of them is mandated to accept it.

The clause itself does not apply to the most important element of such contracts, which is the fee the applicant must pay for a license for the right of public performance of compositions in BMI's repertory.  Disputes about that are expressly removed from the arbitration clause.  The negotiations of reasonable amounts and the determination of a reasonable fee are matters left to the parties and the rate Court.

Nothing in the agreement as presented to the songwriters prevented them from simply crossing out ¶ 19, the Arbitration Clause, and returning it to BMI over his or her signature.  It is common ground that the clause was inserted in the Consent Judgment at the instigation of the government.  The complaint offers no fact suggesting that BMI would have rejected a contract with that deletion.

Plaintiff argues that economic duress compelled the songwriter to accept the agreement proposed by BMI because of the difference in their economic bargaining power.  While plaintiff takes that compulsion for granted, he gives no factual support for it.  There is no reason to presume its influence, particularly since BMI was not a protagonist of the arbitration clause.

The First Claim, for unenforceability of the Arbitration Clause, does not state a claim upon which relief can be granted as pleaded.  BMI's motion to dismiss it is granted.

So Ordered.

Dated:  New York, New York
August 26 , 2022

Louis L. Stanton
LOUIS L. STANTON
U.S.D.J.

2

**MEMO ENDORSED**

**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Alexander C. Baker, et al.,

    Plaintiffs,

22 Civ. 01599(LLS)

v.

ECF

Broadcast Music Inc.,
    Defendant.

## NOTICE OF MOTION TO DISMISS

PLEASE TAKE NOTICE that, upon the accompanying *Memorandum of Law in Support of BMI's Motion to Dismiss*, Defendant Broadcast Music, Inc., by its undersigned attorneys, will move the Honorable Louis L. Stanton, United States District Judge, United States District Court for the Southern District of New York, on a date to be determined by the Court, for an order dismissing Count One of Plaintiff's First Amended Complaint [ECF No. 2], dated March 25, 2021, with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and awarding such further relief as this Court deems just and proper.

Dated: July 15, 2022
New York, New York

/s/ *Atara Miller*
Scott A. Edelman
Atara Miller
55 Hudson Yards
New York, New York 10001
(212) 530-5000
sedelman@milbank.com
amiller@milbank.com

*Attorneys for Defendant Broadcast Music, Inc.*